IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARNELL JOHNSON,       )<br>    Petitioner )<br>         )<br> vs.        )<br>         )<br>RAYMOND FOBINA; THE DISTRICT )<br>ATTORNEY OF THE COUNTY OF )<br>THE COUNTY OF ALLEGHENY; THE )<br>ATTORNEY GENERAL OF THE STATE )<br>OF PENNSYLVANIA,    )<br>    Respondents ) | Civil Action No. 06-57<br>Judge Joy Flowers Conti/<br>Magistrate Judge Amy Reynolds Hay |

<u>MEMORANDUM ORDER</u>

    This case was referred to Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules of Court.

    The magistrate judge's report and recommendation ("R&R") dated November 22, 2006, recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied. The parties were allowed ten days from the date of the R&R to file objections. Objections were filed by the Petitioner [Doc. No. 12].

    Petitioner raises two objections. First, he objects to the magistrate judge's finding that the state court's decision that he had not demonstrated sufficient prejudice to justify a severance from his co-defendant was not contrary to law. Petitioner continues to press the same argument previously raised on this issue and adds nothing new. The Pennsylvania Superior Court determined that Petitioner's alibi defense was not antagonistic to his co-defendant's statement that Petitioner was the shooter and, further, that statement was never admitted for the jury's

consideration. As the magistrate judge noted, the state court determined that Petitioner had not demonstrated sufficient prejudice to justify a severance. That determination is not contrary to Supreme Court precedent. See Zafiro v. United States, 506 U.S. 534, 539 (1993).

As well, Petitioner continues to press a second argument, that an arrest warrant signed and issued by a deputy coroner is illegal. Plaintiff cites to the decision of the Pennsylvania Supreme Court in Commonwealth v. Little, 314 A.2d 270 (Pa. 1974), in support of his argument. The Little decision, however, did not decide the issue raised here. Id. at 272 n.2. Moreover, as the magistrate judge properly recognized: "It has long been clear that in cases involving either violent or suspicious deaths [which occurred here] a coroner or his properly authorized designee may act as an issuing authority." Commonwealth v. Smouse, 594 A.2d 666, 668 (Pa. Super. Ct. 1991).

After *de novo* review of the pleadings and documents in the case, together with the R&R and objections thereto, the following order is entered:

**IT IS HEREBY ORDERED** that the R&R of the magistrate judge dated November 22, 2006 [Doc. No. 11] is **ACCEPTED and ADOPTED** as the opinion of the Court.

In accordance with the foregoing, therefore, the Petition for Writ of Habeas Corpus is **DENIED** and a certificate of appealability is also **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the plaintiff/defendant desires to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed.R.App.P.

By the Court,

DATED: December 21, 2006                /s/ Joy Flowers Conti
                                        JOY FLOWERS CONTI
                                        UNITED STATES DISTRICT JUDGE


cc:     Darnell Johnson
        DS-6104
        SCI Forest
        P.O. Box 945
        Marienville, PA 16239-0945

        Paul R. Scholle
        Assistant District Attorney
        Office of the District Attorney
        401 Allegheny County Courthouse
        Pittsburgh, PA 15219